DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas that found appellant guilty of one count of aggravated robbery with a firearm specification and one count of failure to comply with the order or signal of a police officer. The trial court also found appellant to be a repeat violent offender pursuant to R.C.2929.14(D)(2). For the following reasons, the judgment of the trial court is affirmed. *Page 2 
 {¶ 2} Appellant sets forth the following assignments of error:
 {¶ 3} "I. The trial court erred by denying appellant's motion for a mistrial.
 {¶ 4} "II. The conviction for aggravated robbery was against the manifest weight of the evidence, in violation of appellant's right to due process of law a guaranteed by the fourteenth amendment to the U.S. Constitution and Article I, Section 16 of the Ohio Constitution."
 {¶ 5} On November 14, 2005, appellant was indicted on one count of aggravated robbery in violation of R.C. 2911.01(A)(1), with a firearm specification, and one count of failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(B). The indictment also contained a specification that appellant was a repeat violent offender, which appellant moved to have tried to the court. The trial of appellant and co-defendant Richard Jagel began on March 19, 2007. During the course of the trial, Jagel informed the court — outside the presence of the jury — that he had reached a plea agreement with the state. The trial court accepted Jagel's plea of guilty to the charge of attempted robbery, found him guilty and set the matter for sentencing. When the trial resumed, appellant moved for a mistrial, claiming that he would be prejudiced by Jagel's absence because the jury would draw inferences against him. Appellant's motion was denied. On March 21, 2007, appellant was found guilty by a jury of aggravated robbery with a gun specification and one count of failure to comply with the order or signal of a police officer. The trial court found appellant to be a repeat violent offender. *Page 3 
 {¶ 6} In his first assignment of error, appellant asserts that the trial court erred by denying his motion for a mistrial after his co-defendant entered a guilty plea and was therefore no longer present in the courtroom. Appellant argues that by entering a plea after voir dire and opening remarks, Jagel destroyed any credibility appellant or defense counsel may have had with the jury and undermined appellant's theory, as already expressed to the jury, that Jagel was not in any way involved in the robbery.
 {¶ 7} At no time was Jagel's guilty plea mentioned to the jury. Jagel's plea was entered and accepted during a brief recess. Appellant then moved for a mistrial. The court denied the motion and informed counsel that, unless he objected further, the court would inform the jury that the issues before the court regarding Jagel had been resolved. When the jury returned, the trial court stated: "The case is going to proceed against Curtis Handley. The issues before the court regarding Mr. Jagel have been resolved." Further, in its instructions to the jury after the close of the evidence, the court stated: "You are further instructed that you are to determine whether the Defendant is guilty or not guilty based upon evidence presented at this trial. The fact that Richard Jagel has settled his issues with this Court is not to be considered by you."
 {¶ 8} Generally, the granting or denying of a mistrial rests within the sound discretion of the trial court. State v. West, 6th Dist. No. WD-07-002, 2008-Ohio-368, ¶ 38, citing State v. Sage (1987),31 Ohio St.3d 173. An appellate court will not disturb this exercise of discretion absent a showing that the accused has suffered material *Page 4 
prejudice. Id. Further, granting a mistrial is only necessary where a fair trial is no longer possible. Id., citing State v. Franklin (1991),62 Ohio St.3d 118, 127.
 {¶ 9} Appellant's argument assumes that the jury was made aware of Jagel's guilty plea when, in fact, the jury was never told that Jagel had entered a plea. The jury was first told that Jagel's case was "resolved" and, later, that they were not to consider the fact that Jagel's issues had been "settled." A jury is presumed to follow the trial court indication herein that the jury was influenced by the fact that Jagel's case was "resolved." Given the other evidence introduced at trial which supports the jury's verdict, we cannot say that appellant was denied a fair trial because his co-defendant entered a plea to the charges against him. The jury was never told that Jagel pled guilty.
 {¶ 10} Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 11} In his second assignment of error, appellant asserts that his conviction for aggravated robbery was against the manifest weight of the evidence. Appellant argues that neither of the witnesses was able to identify him as one of the two men who committed the robbery and that the only evidence connecting him with the robbery was circumstantial.
 {¶ 12} We have carefully reviewed the transcript of appellant's trial, with particular attention to witness testimony. Leigh Ann Brennan testified that she was working as a bartender at Cronin's Bar in Tiffin, Ohio, on the night of September 17, 2005, when two men with guns entered as she was preparing to close. One of the men was wearing a ski mask. One of the men demanded money and Brennan gave him two *Page 5 
bank bags containing approximately $800 and a plastic bag containing paperwork. The two men then fled. Brennan's friend, Gary Tarring, testified that he was in the bar visiting with Brennan when the robbery occurred. Tarring's testimony essentially confirmed that of Brennan. Neither Brennan nor Tarring was able to identify the men who robbed the bar.
 {¶ 13} Helen Aldridge testified that on the night of the robbery she called the police when she saw a man run out of the bar and get into a dark green Dodge pick-up truck. She testified that there was another man in the truck.
 {¶ 14} Sandusky Police Officer James DeSalle testified that he responded to a call to Cronin's Bar after the robbery. On his way to the bar, he heard over his radio that a green pick-up truck may have been involved. DeSalle spotted a truck matching that description and attempted to make a traffic stop. The truck drove away, however, before he could approach. DeSalle pursued the truck for several minutes until it was driven off the road and the passenger jumped out and fled. As DeSalle started to get out of his cruiser, the driver of the truck attempted to back up. At that time, two other officers arrived and appellant, the driver of the truck, was apprehended. DeSalle further testified that officers found a black ski mask in the truck. When officers followed the passenger on foot, they found three bank books and some miscellaneous paperwork from the bar scattered on the ground. The passenger was not apprehended at that time.
 {¶ 15} Jagel's girlfriend, Sandra Dean, testified that appellant and Jagel were at her house on the evening of September 17, 2005, and left together around 10:30 or 11:00 *Page 6 
p.m., telling her they would be right back. Jagel returned early the next morning half-dressed, soaking wet and without shoes and socks. When Dean asked him where he had been, he told her that the less she knew, the better.
 {¶ 16} Richard Matter testified that on the night of the robbery the police were in his neighborhood looking for a man with a gun. The following April, while mowing the lawn for the first time, Matter found a handgun and a plastic bag containing paperwork from Cronin's Bar. Matter gave the items to the police.
 {¶ 17} In determining whether a verdict is against the manifest weight of the evidence, the appellate court "weighs the evidence and all reasonable inferences, and considers the credibility of witnesses."State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52. The appellate court then makes a determination as to whether, in resolving conflicts in the evidence, the factfinder "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id. Only if our review of the record of evidence convinces us that the factfinder clearly lost its way will we reverse the conviction and remand for a new trial. Id.
 {¶ 18} R.C. 2911.01(A)(1) sets forth the elements of aggravated robbery as follows: "No person, in attempting or committing a theft offense, * * * or in fleeing immediately after the attempt or offense, shall * * * [h]ave a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it * * *." *Page 7 
 {¶ 19} Appellant argues that his conviction was based solely on evidence that he was stopped while driving a green pick-up truck and evidence that he was with another individual who fled the scene leaving a trail that included a handgun and papers from the bar. As appellant states, he was not identified by Brennan or Tanning as one of the men who robbed the bar. It appears, however, that the jury weighed the evidence summarized above and all reasonable inferences therefrom, and considered the credibility of the witnesses. Having carefully reviewed the evidence, we are unable to find that the jury clearly lost its way and created a manifest miscarriage of justice when it found appellant guilty of aggravated robbery. We therefore find that appellant's conviction on one count of aggravated robbery is not against the manifest weight of the evidence. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 20} On consideration whereof, we find that appellant was not prejudiced or denied a fair trial and the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County. *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J., CONCUR. *Page 1